United States District Court

District of Massachusetts

JUL 15 PM 2:05

7/15/2026

RAFAEL JORGE,

        Plaintiff,

v.

ADLER & ASSOCIATE'S
ENTERTAINMENT INC,

        Defendant.

Case Number: 3:25-cv-30140-MGM

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1)

Now comes the Plaintiff, Rafael Jorge, proceeding pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 60(b)(1) to reconsider its Order of Dismissal Without Prejudice entered on June 30, 2026. In support of this Motion, Plaintiff states as follows:

1. On May 1, 2026, this Court issued an order directing Plaintiff to complete service of process upon Defendant by May 22, 2026.

2. Plaintiff received this Honorable Court's order on Friday afternoon at 2:58 PM, leaving no administrative time to coordinate with law enforcement or process servers during that weekend.

3. On the following Tuesday morning, Plaintiff diligently contacted the local Sheriff's Office to execute formal service of process in compliance with Rule 4.

4. However, the Sheriff's Office explicitly instructed Plaintiff not to send the documents, stating that their administrative processing times required a minimum of 21 days to successfully execute service, making compliance within the Court's remaining timeframe impossible through their agency. The administrative contact was Sheriff Robert G. Luna's at 818-557-3490 at the Los Angeles County Sheriff Department at 300 E Oliver Burbank CA 91502 to send the Summons for service upon Adler & Associates Entertainment, Inc.

5. Acting as a pro se litigant and in absolute good faith, Plaintiff mistakenly believed that filing a Motion to Deem Service Effective via the court-automated Rule 4 emails was the correct procedural and with the other attempts that the Plaintiff had made for service alternative to prevent abandonment of the claims while navigating the Sheriff's delay.

6. Plaintiff's failure to strictly comply with the May 22 deadline was not due to willful disobedience, bad faith, or neglect, but was the direct result of misinformation provided by a law enforcement official, constituting "excusable neglect" under FRCP 60(b)(1).

7. Furthermore, because the underlying claims involve a contract executed under seal and notarized in September 2016, a complete closure of this action creates an extreme risk of severe prejudice regarding statute of limitations disputes between California and Massachusetts laws, effectively depriving Plaintiff of access to justice.

8. Plaintiff has since secured the necessary resources and commits to immediately hiring a private, independent process server to execute physical service of process under Rule 4 within fourteen (14) days if this case is reopened.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:
a) GRANT this Motion for Reconsideration;
b) VACATE the June 30, 2026 Order of Dismissal Without Prejudice;
c) REOPEN the case; and
d) GRANT Plaintiff a brief fourteen (14) day extension of time to complete formal service of process upon Defendant.
Dated: July 15, 2026 Respectfully submitted.

Rafael Jorge, Plaintiff, Pro Se.